IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CORIE RODRIGUS FRAZIER                                          PETITIONER
ADC #154909

V.                          CASE NO. 5:16-CV-00345-JLH-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

### Procedural History

On April 23, 2013, Petitioner was found guilty of attempted first-degree murder, aggravated assault, and being a felon in possession of a firearm by a jury in Union County, Arkansas. (DE # 8-2) He was sentenced to 852 months' imprisonment in the Arkansas Department of Correction. *Id.* The charges arose from a heated argument the Petitioner

2

had with his friend, Mark Watts, over money. The argument resulted in Petitioner firing multiple shots at Watts in the presence of Watts' wife, Sharon Watts. *See Frazier v. State*, 2014 Ark. App. 191. Petitioner filed a direct appeal of his conviction, arguing that there was insufficient evidence to support his conviction for the aggravated assault of Sharon Watts. *Id.* Petitioner did not challenge his convictions for attempted first-degree murder or being a felon in possession of a firearm. On March 19, 2014, the Arkansas Court of Appeals affirmed his conviction for aggravated assault. *Id.*

On May 5, 2014, Petitioner filed his *pro se* petition for post-conviction relief in the trial court, pursuant to Arkansas Rule of Criminal Procedure 37.1. (DE # 8-3) Petitioner raised three claims for relief: (1) defense counsel failed to conduct proper pretrial investigation and thereby failed to properly cross-examine state witnesses; (2) defense counsel was ineffective for his indifference to "advocate for the best interests of Petitioner on all charges;" and (3) defense counsel was ineffective for failing to have a juror removed who was the cousin of a detective that testified at trial. *Id.* On February 24, 2015, the trial court denied the petition, finding it was without merit. (DE # 8-5)

Petitioner appealed the denial of his Rule 37 relief to the Arkansas Supreme Court. (DE # 8-6) On appeal, Petitioner made the following arguments in support of his Rule 37.1 petition: (1) ineffective assistance of counsel claims for (a) failing to strike a juror who was related to witness, (b) filing an "inadequate" brief on direct appeal by not challenging the credibility of Sharon Watts, (c) failing to make a *Brady v. Maryland,* 373 U.S. 83 (1963) objection, and (d) failing to conduct an adequate investigation and cross-examination of Mark and Sharon Watts; and (2) the trial court's order denying post-conviction relief did

not comply with the requirements of Arkansas Rule of Criminal Procedure 37.3(a) because it is "devoid of proper findings of fact and conclusions of law." *Id.* The Arkansas Supreme Court affirmed the denial of post-conviction relief on February 11, 2016. *See Frazier v. State,* 2016 Ark. 55.

On November 10, 2016, Petitioner timely filed a petition for writ of habeas corpus (DE # 2), pursuant to 28 U.S.C. § 2254, asserting the following:

1.) the trial court erred in denying Petitioner's motion for directed verdict on the count of aggravated assault against Sharon Watts;

2.) trial counsel failed to conduct proper pretrial investigation and thereby failed to properly cross-examine Mark and Sharon Watts;

3.) trial counsel's "indifference" affected the direct appeal by raising one ground for appeal "even though there were multiple trial errors that could have been reviewed on appeal by a higher state court;"

4.) trial counsel failed to have a juror removed who was related to a detective who testified at trial; and

5.) trial court's denial of the Rule 37 petition without holding a hearing was improper and did not comply with Rule 37.3(a).

Respondent filed her response on December 21, 2016, denying that Petitioner is entitled to a hearing in this Court or to habeas corpus relief. (DE # 8)

Discussion

A.  Deference to State Court Decisions

*1.  Sufficiency of the evidence.*

Petitioner properly raised this issue on appeal, and the Arkansas Court of Appeals addressed it on the merits; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id.* (quoting *Williams*, 529 U.S. at 410-11).

Petitioner made a directed verdict motion at trial arguing that Ms. Watts fled the area during the shooting and "she was not in substantial risk of death or serious physical injury as those shots were contained to a defined area." *See Frazier v. State,* 2014 Ark. App. 191. In affirming the trial court's denial of Petitioner's motion, the Arkansas Court of Appeals held:

> Frazier admits to shooting his gun multiple times in the direct vicinity of both Sharon and Mark Watts; that only Mark Watts was injured does

5

>  not negate the danger of death or physical injury that Sharon was exposed to as well. Viewing the evidence in the light most favorable to the State, and taking into account the jury's assessment of the credibility of the evidence, we hold that substantial evidence supports Frazier's conviction for aggravated assault.

*Id.* at 6-7. The state court's determination was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. This Court, therefore, gives deference to the Arkansas Court of Appeal's ruling on the sufficiency of the evidence for the aggravated assault against Sharon Watts, and Petitioner's claim does not entitle him to relief.

    2.    *Ineffective Assistance of Counsel Claims*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland* points out that it is tempting for a defendant to second-guess the assistance of counsel after a conviction, and easy for a court to determine that a decision of counsel was unreasonable after a defense has proven unsuccessful. *Id.* at 689. Instead, the Court held that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

6

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

Petitioner argues that his counsel was ineffective for: (1) failing to conduct a proper pre-trial investigation and thereby failing to properly cross-examine state witnesses; (2) filing an inadequate appeal "even though there were multiple trial errors that could have been reviewed on appeal by a higher state court"; and (3) failing to have a prospective juror removed for cause. In affirming the trial court's denial of postconviction relief, the Arkansas Supreme Court addressed each of Petitioner's claims of ineffective assistance of counsel under the standard set forth in *Strickland*.

> a. Failing to conduct proper pre-trial investigation and cross-examine Sharon and Mark Watts.

Petitioner raised this claim in his Rule 37 petition as well as on appeal to the Arkansas Supreme Court from the denial of said petition. Specifically, Petitioner argues that "if defense counsel had properly investigated the documented evidence she could have obtained evidence to show that key witnesses, Mark and Sharon Watts, perjured themselves as to how the shooting took place, thus leaving major credibility issues for the jury to consider." (DE # 2, pg. 22) In addressing this claim, the Arkansas Supreme Court stated the following:

7

> Frazier insists that Sharon Watts incorrectly testified that, shortly before the shooting, Frazier drove up to the Wattses' house and rolled down the driver's side window of his car. According to Frazier, the driver's side window of his car was inoperable and, therefore, could not have been rolled down at the time of the shooting. Frazier asserts that had counsel conducted an adequate pretrial investigation, documentary proof of the window's defect could have been produced to impeach his testimony. Frazier cites no other contradictory information presented by Sharon Watts, or any other State witness, that trial counsel failed to discover or effectively utilize for impeachment.
>
> . . .
>
> In support of his claim that counsel was unprepared, Frazier presumes that documentary evidence establishing the condition of the driver's side window was material evidence and its introduction would have undermined the credibility of all the evidence presented, including the testimony of both Sharon and Mark Watts. . . Frazier's contention that the testimony of Sharon Watts was key to his convictions is belied by the trial record, which includes the testimony of a neighbor, Delores Ross, who observed Frazier standing over Mark Watts and firing while Watts was attempting to crawl to safety inside his home. Finally, Frazier testified during cross-examination that he pursued Watts and fired the first shot while Watts was on the ground allegedly attempting to retrieve his weapon which, according to Frazier, had been dropped on the ground and had fallen underneath a parked vehicle. No evidence was presented at trial to corroborate Frazier's testimony that Mark Watts had a gun. However, even assuming Watts was armed, Frazier's own testimony that he chased Wats down and shot while Watts was prostrate tends to abrogate a self-defense claim, in that deadly force is justified as self-defense only if the use of force cannot be avoided by retreating. In view of the testimony and other evidence presented by the State, combined with a consideration that Frazier's own description of the incident, Frazier's allegations do not give rise to a reasonable probability that additional preparation could have changed the outcome of the trial.

*Frazier v. State*, 2016 Ark. 55 at 10-11. (internal citations omitted). Given the evidence, most importantly the Petitioner's own testimony regarding his version of the shooting, as well as Petitioner's failure to prove that any additional preparation on the part of his trial counsel would have changed the outcome of the trial, it cannot be said that the state court's

8

determination was contrary to, or involved an unreasonable application of, clearly established federal law. This Court, therefore, gives deference to the Arkansas Supreme Court's ruling of Petitioner's ineffective assistance of counsel claim.

### b. "Indifference" of counsel and insufficient brief on appeal.

Petitioner made a variation of this ineffective assistance of counsel claim in his Rule 37 petition and on appeal to the Arkansas Supreme Court. In his § 2254 petition, Petitioner argues that the "indifference of counsel to advocate for the best interests of Frazier on all charges led to ineffective assistance of counsel" and furthermore "defense counsel was wrong to assert that the appeal was adequate when the defense counsel only raised one ground on appeal for Frazier even though there were multiple trial errors that could have been reviewed on appeal by a higher state court." (DE # 2, pg. 24)

While the Arkansas Supreme Court stated that Petitioner's argument in his Rule 37 differed from the claim raised in his appeal, the court nonetheless addressed the claim and found it meritless. *Frazier,* 2016 Ark. at 8. The Arkansas Supreme Court held as follows:

> Frazier's ineffective-appeal claim rests on an assertion that counsel failed to develop sufficient evidence at trial to ensure reversal of his convictions on direct appeal. Such conclusory allegations are insufficient to establish a claim that counsel was ineffective on direct appeal.
>
> It is petitioner's responsibility to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. Here, Frazier does not identify any meritorious issue raised at trial and denied by the trial court which could have been raised on appeal. Instead, Frazier asserts that his convictions would have been reversed on appeal, if certain facts had been developed at trial. Such speculative allegations are not sufficient to establish a claim for relief under a theory that counsel was ineffective on direct appeal.

*Id.* at 8-9. (internal citations omitted). Petitioner has simply failed to establish any argument his trial counsel could have raised on appeal that would have changed the outcome. The state court's decision on this claim, therefore, is given due deference, and Petitioner's argument does not entitle him to federal habeas relief.

      c. Failure to have prospective juror removed for cause.

Petitioner's last ineffective assistance of counsel claim argues that his trial counsel was ineffective for not moving to have a potential juror removed for cause, and the juror bias prejudiced him at trial. (DE # 2, pg. 25) The juror admitted during voir dire that she was first cousins with Detective Shannon Griffin, the detective that was present at the crime scene and who gave trial testimony regarding collection of evidence. (DE # 8-8, pg. 18) Petitioner argues in his habeas petition that the juror should have been removed "based upon the close relationship between her and detective Griffin." (DE # 2) The record, however, does not reflect that any such "close relationship" existed between the individuals nor did the juror remaining on the jury prejudice the Petitioner. The Arkansas Supreme Court addressed the claim as follows:

> In Arkansas, our statute implies bias where a juror is related to either a party or to counsel for either party, but it is not applicable to a relationship between a witness and a prospective juror. Even when a prospective juror is related to either a party or an attorney in the pending case, the prospective juror can nevertheless serve by consent of the parties. Thus, under no circumstance are parties compelled by law to exclude certain jurors because of their status. While our statute does not address bias with respect to a prospective juror's relationship to a witness, we have recognized the doctrine of implied bias where a juror is closely related to a witness to a controverted issue, and a trial court refuses to strike a juror for cause. Here, Magee served by consent of the parties, and this is not a

> case where the trial court refused to strike her for cause. Rather, Frazier challenges his counsel's judgment for consenting to Magee's service.
>
> The trial record reveals that Magee stated during voir dire that, even though she was related to Griffin, the two of them had no social interaction whatsoever and that she would not give Griffin's testimony more weight than that of any other witness. Moreover, Griffin merely took pictures, measurements, and collected evidence from the crime scene; he was not an eyewitness to the shooting, and his testimony was not controverted. The record further reveals that Frazier was present during jury selection, and he was, therefore, aware that counsel had consented to Magee as a juror.
>
> Once jurors are selected by consent of parties, they are presumed unbiased, and the burden of demonstrating actual bias is on the petitioner. Moreover, this court will not label counsel ineffective because of possible bad tactics in jury selection. In sum, Frazier fails to allege sufficient facts or to present any evidence in the trial record to overcome the presumption that Magee was unbiased, or that counsel's judgment regarding Magee's competence to serve impartially was unreasonable. The circuit court did not clearly err by dismissing this claim.

*Frazier,* 2016 Ark. at 7-8. (internal citations omitted). This Court finds that the Arkansas Supreme Court properly applied *Strickland*. As with Petitioner's other ineffective assistance of counsel claims, it cannot be said the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. This Court, therefore, gives deference to the Arkansas Supreme Court's ruling on Petitioner's final ineffective assistance of counsel claim.

B.   <u>Non-Cognizable Claim</u>

Petitioner's final claim for federal habeas relief asserts that the trial court failed to comply with Arkansas Rules of Criminal Procedure 37.3(a) by not making "proper findings of fact," but instead, merely adopting the findings of the "State in the State's responsive pleading." (DE # 2, pg. 25) Furthermore, Petitioner claims that the trial court should have

conducted an evidentiary hearing on the claims he raised in his Rule 37 petition. *Id.* Petitioner argues that these errors amount to a clear violation of established federal law and he also makes a blanket statement that his "due process of law" rights were violated; however, he does not state how these alleged errors violated his due process rights or which of his rights were violated.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993). The Petitioner's entire claim concerns the Arkansas Supreme Court's determination of what is proper under its own Rule 37. Even if this claim had any merit, the state's procedure for entering an order pursuant to Rule 37.3(a) or granting an evidentiary hearing concerns only a state-law issue, and therefore, does not present a cognizable issue for federal habeas review.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28

U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 10th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE